UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
STEPHANIE CANNADY,                   :
          Plaintiff,                 :
                                     :
     v.                              :     CA 09-07 S
                                     :
WADE RATHKE, DALE RATHKE,            :
STEVEN KEST, JON KEST,               :
MIKE SHEA, ZACH POLLETT,             :
HELENE O'BRIEN, AMY SCHUR,           :
LIZ WOLF, BETH BUTLER,               :
MILDRED BROWN, MAUD HURD,            :
ALTON BENNETT, BERTHA LEWIS,         :
BETH KINGSLEY, and other             :
unknown individuals,                 :
          Defendants.                :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

On January 8, 2009, Plaintiff Stephanie Cannady ("Plaintiff") filed what she entitled a "Justice Department Complaint" (Document ("Doc.") #1) (the "Complaint"), alleging that Defendants conspired to interfere with Plaintiff's constitutional rights in violation of 18 U.S.C. § 241.[1]  See Complaint at 2.  Plaintiff also filed on that date an Application

---

[1] While Plaintiff specifically identifies the violation of 18 U.S.C. § 241 as "The Alleged Offense[,]" Complaint at 2, she additionally states that she is "fil[ing] this criminal complaint against ACORN [Association of Community Organizations for Reform Now] and Executive Board members for fraud, embezzlement, conspiracy and concealment, and criminal civil rights violations," id. at 1.  She further alleges that other federal criminal offenses have been committed, including but not limited to mail fraud, presenting a false document to an agent of the United States Government, making false statements and concealing facts in relation to documents required by the Employee Retirement Income Security Act of 1974.  See id.

to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application"), which was referred to this Magistrate Judge for Determination.  See Docket.  Because I find for the reasons stated herein that Plaintiff's Complaint fails to state a claim upon which relief may be granted, I recommend that the Application be denied and that the Complaint be dismissed.

## Facts

Plaintiff is or formerly was a "National Board Delegate State Co-chair for Rhode Island," Complaint at 17, of the Association of Community Organizations for Reform Now ("ACORN"),[2] a community-based advocacy organization, see id. at 2, organized under the laws of the State of Arkansas, see id. at 7.  ACORN describes itself as a non-profit, non-partisan social justice organization.  See id. at 3.  It reportedly is headquartered in New Orleans, Louisiana, see id. at 7, but also has "national offices," id., in Washington, D.C., and New York City, New York, see id.

Defendants Wade Rathke and Dale Rathke are identified in the Complaint respectively as the former chief organizer and the former chief financial officer of ACORN.  See id. at 20. Defendants Steven Kest, Jon Kest, Mike Shea, Zach Pollett, Helene O'Brien, Amy Schur, Liz Wolf, Beth Butler, Mildred Brown, and

---

[2] Plaintiff states that she "has been or is in the course of being purportedly removed from ACORN in any and all capacities." Complaint at 6.

Bertha Lewis are ACORN staff members. See id. at 8. Defendant Maud Hurd is the president of ACORN, and Alton Bennett is the former treasurer of the organization. See id. at 22. Defendant Beth Kingsley is described as "the attorney representing ACORN insiders and staff ...." Id.

Plaintiff alleges that Defendants conspired to violate the constitutional rights of Plaintiff and other ACORN members (the "Direct Victims"[3]) by taking action to eject them from the organization. See id. at 7. Plaintiff further alleges that one or more of Defendants may have taken this action "to avert liability for a reported embezzlement or misappropriation of ACORN funds, the unlawful concealment of that crime, and/or other breaches of fiduciary obligations." Id. at 7.

Although the Complaint lacks a clearly labeled demand for relief,[4] it appears that Plaintiff seeks the filing of criminal

---

[3] The "Direct Victims" are identified by name on page 16 of the Complaint.

[4] Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a) provides that:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) **a demand for the relief sought,** which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (bold added).

charges against one or more of the Defendants. See id. at 2 (alleging a violation of 18 U.S.C. § 241); id. at 12 (referring to Complaint as "this criminal complaint"). In addition (or, perhaps, alternatively), Plaintiff appears to seek criminal investigations of Defendants. See id. at 2 (contending "that full investigations of a RICO[5] conspiracy under 18 U.S.C. § 1962(c) are warranted"); id. (asserting that "a formal RICO investigation is also warranted"); id. at 18 (stating that a "reasonable investigation prompted by this complaint is likely to confirm," among other things, violations of various federal criminal statutes); id. at 23-24 (asserting that the Direct Victims "and all of the families ACORN purports to represent ... are unlikely to have any viable avenue of redress unless the U.S. Department of Justice undertakes a thorough investigation premised on the allegations of this complaint").

**Law**

Generally, a private citizen has no authority to initiate a federal criminal prosecution. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); see also Diamond v. Charles, 476 U.S. 54, 64, 106 S.Ct. 1697 (1986)(White, J., concurring)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")(quoting Linda R.S. v. Richard D.,

---

[5] RICO is an acronym for the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. See Systems Mgmt., Inc. v. Loiselle, 303 F.3d 100, 101 n.1 (1st Cir. 2002).

410 U.S. 614, 619, 93 S.Ct. 1146 (1973)); Coggins v. Fuller, No. 2:07-cv-709-WKW, 2007 WL 2815034, at *1 (M.D. Ala. Sept. 26, 2007)("[A] private citizen cannot institute criminal proceedings in federal court."); Smith v. WGBH Educ. Found., Civ. A. No. 90-10934-WD, 1993 WL 528438, at *1 (D. Mass. Feb. 16, 1993)(holding that a private citizen may not prosecute claims under the federal criminal code); cf. Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2nd Cir. 1972)("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); United States ex rel. Savage v. Arnold, 403 F.Supp. 172, 174 (E.D. Pa. 1975)("The courts that have faced the issue have concluded that the essential role of the government (i.e., the U.S. Attorney) in the prosecution of criminal violations must of necessity preclude complaints by private citizens."); Pugach v. Klein, 193 F.Supp. 630, 635 (S.D.N.Y. 1961)(holding that there is no "residual power in private citizens to take law enforcement into their own hands when the United States Attorney does not prosecute, for any, or for no reason.");

In affirming the dismissal of a private criminal complaint filed by a state prisoner, the United States Court of Appeals for the First Circuit stated:


> Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer on probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and, in this case, indictment by a grand jury.

Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964).

## Discussion

It is clear from the case law cited above that there is no authority which permits Plaintiff to bring a private criminal complaint in this Court. Accordingly, to the extent the Complaint seeks to have one or more Defendants criminally prosecuted, it fails to state a claim upon which relief may be granted.

To the extent that the Complaint seeks to have the Court order the Department of Justice to conduct an investigation of Defendants, this Court is without jurisdiction or authority to grant such request. See Norris v. Warder, No. 3:02-CV-412-P, 2002 WL 31415920, at *2 (N.D. Tex. Oct. 21, 2002)(holding that federal district court "has no authority to order the United States Department of Justice to initiate any investigation"); Alley v. State, No. 95-3010-MLB, 1997 WL 695590, at *1 (D. Kan. Oct. 15, 1997)(holding that federal district court "lacks the jurisdiction or authority to order an executive branch of the

federal government to investigate a matter"); see also United States v. Nixon, 418 U.S. 683, 693, 94 S.Ct. 3090, 3100 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case").  Thus, to the extent the Complaint seeks to have this Court order the Department of Justice to conduct an investigation of Defendants, it fails to state a claim upon which relief may be granted. Plaintiff is, of course, free to request an investigation by the Department of Justice.  See Alley v. State, 1997 WL 695590, at *1; see also Norris v. Warder, 2002 WL 31415920, at *2 ("If [plaintiff] wishes to pursue such a request, he should communicate the same to the appropriate Justice Department division.").

## Conclusion

I recommend that the Application be denied and that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[6]  As

---

[6] Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)  is frivolous or malicious;
        (ii) **fails to state a claim on which relief may be granted**; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

explained above, the Complaint fails to state a claim upon which relief may be granted because: a) a private citizen cannot institute a criminal proceeding in federal court, and b) this Court is without jurisdiction or authority to order the Department of Justice to conduct an investigation of Defendants.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[7] days of its receipt.  See Federal Rule of Civil Procedure 72(b); District of Rhode Island Local Rule Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 15, 2009

---

[7] The ten days do not include intermediate Saturdays, Sundays, or holidays.  See Fed. R. Civ. P. 6(a)(2).